UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIE EUGENE HENDRICKS, | No. 2:15-cv-0768 AC P |
| Petitioner, | |
| v. | ORDER and |
| DAVID LONG, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. This action is referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Review of the instant petition demonstrates that petitioner is challenging the Sacramento County Superior Court's reliance on a 1992 strike at petitioner's October 2011 sentencing, on the

1

ground that the plea agreement underlying petitioner's 1992 conviction was improperly obtained. Petitioner asserts that he has obtained new evidence in support of his claim.

The Supreme Court's decision in <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001), bars petitioner's claim that his 1992 conviction was unconstitutionally obtained because that conviction and resulting sentence are fully expired. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." <u>Id.</u> at 403. In the present case, the Sacramento County Superior Court determined in May 2014 that petitioner had fully served the sentence imposed in his 1992 case, and hence was no longer in "in actual or constructive custody" on that conviction. <u>See</u> ECF No. 1-1 at 25 (Sacramento County Superior Court Case Nos. 14HC00213, 14HC00250; May 9, 2014 denial of petitions for writ of habeas corpus challenging petitioner's 2011 conviction and sentence). The only fully-recognized exception to <u>Lackawanna</u> applies when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in <u>Gideon v. Wainwright</u>, 372 U.S. 33 (1963)." <u>Lackawanna</u>, 532 U.S. at 404. Here, petitioner was represented by appointed counsel in his 1992 case. <u>See</u> ECF No. 1-1 at 6-20 (February 7, 1992 Plea, Judgment and Sentencing in Sacramento County Superior Court Case No. 102662, <u>People v. Hendricks</u>). For these reasons, the court finds that <u>Lackawanna</u> bars consideration of the instant petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 10, is granted; and

2. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be dismissed with prejudice for failure to state a cognizable claim, <u>see</u> Rule 4, Rules Governing § 2254 Cases; and

2. The Clerk of Court be directed to close this case.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE